# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LYNN RODGERS,<br><br>                       Plaintiff,<br>v.<br>STATER BROS. MARKETS,<br><br>                       Defendant. | Case No.: 16CV2614-MMA (MDD)<br><br>**ORDER DENYING MOTION TO TRANSFER VENUE**<br><br>[Doc. No. 5] |

Plaintiff Jennifer Lynn Rodgers has filed the instant action against Defendant Stater Bros. Markets alleging causes of action for negligence and premises liability pursuant to California law. *See* Compl., Doc. No. 1. Specifically, Plaintiff, a resident of Idaho, alleges she visited one of Defendant's grocery stores in Lake Elsinore, California on September 7, 2015. She alleges she visited the store as a customer, and while walking on Defendant's property, "she slipped and fell on a puddle of water from melted ice on the floor" and "sustained significant injuries." *See* Compl. ¶ 6.

Defendant now moves to transfer venue, requesting the Court transfer this action to the Central District of California, Eastern Division. *See* Doc. No. 5.

## LEGAL STANDARD

Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

| | |
|---|---|
| 1 | occurred, or a substantial part of property that is the subject of the action is situated[.]" |
| 2 | 28 U.S.C. § 1391(b); *see Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *see* |
| 3 | *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). |
| 4 | "[T]he district court of a district in which is filed a case laying venue in the wrong |
| 5 | division or district shall dismiss, or if it be in the interests of justice, transfer such case to |
| 6 | any district or division in which it could have been brought." 28 U.S.C. § 1406(a). |
| 7 | Even where venue is proper, "[f]or the convenience of parties and witnesses, in the |
| 8 | interest of justice, a district court may transfer any civil action to any other district or |
| 9 | division where it might have been brought or to any district or division to which all |
| 10 | parties have consented." 28 U.S.C. § 1404(a). |

## DISCUSSION

Defendant argues transfer is proper under sections 1404 and 1406, but does not make any arguments in support of its assertion that 1406 applies here. In other words, Defendant does not argue that venue is improper in this district as would be required for the Court to transfer this case pursuant to section 1406. Rather, Defendant only argues in terms of 1404(a), which generally applies where venue is proper, and allows courts to transfer actions in their discretion. *See Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1130 (C.D. Cal. 2009). Further, based on Plaintiff's opposition brief, Plaintiff treats Defendant's motion as a motion to transfer venue pursuant to section 1404(a). Accordingly, because neither party argues otherwise, the Court assumes venue is proper in this district and analyzes Defendant's motion as a motion to transfer venue pursuant to section 1404(a).[1]

"[T]he purpose of [section 1404(a)] is to prevent the waste of time, energy, and

---

[1] Some district courts have required that the moving party seeking transfer pursuant to section 1404 to first make a showing that venue is proper in the transferor district. *See e.g.*, *Vu v. Ortho–McNeil Pharm., Inc.,* 602 F.Supp.2d 1151, 1155–56 (N.D. Cal. 2009); *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.,* 820 F. Supp. 503, 506 (C.D. Cal. 1992). However, because the Court presumes venue is proper, the Court takes no position on this requirement, which has not been addressed or sanctioned by the Ninth Circuit or the United States Supreme Court to the Court's knowledge.

money to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted). Pursuant to 1404(a), district courts have "discretion to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). To determine whether transfer is appropriate, courts weigh "multiple factors," including the convenience to the parties and witnesses. *See Jones*, 211 F.3d at 498–99. Courts may also consider the following factors, if relevant:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99. The burden is on the defendant seeking transfer to show why transfer is justified. *See Allstar*, 666 F. Supp. at 1131.

As an initial matter, for transfer to be appropriate, the Central District of California, Eastern Division must have been a district in which the case "might have been brought." *See* 28 U.S.C. § 1404(a). Here, the parties do not dispute that this action might have been brought in the Central District. The events giving rise to Plaintiff's causes of action occurred in the Central District of California, Eastern Division. *See* 28 U.S.C. § 1391(b); *see also* Doc. No. 5-2, Decl. of Tamara Ulufanua-Ciraulo (stating that the location at which Plaintiff allegedly fell is located in Riverside County); *see also* 28 U.S.C. § 84(c)(1) (stating that the Central District of California, Eastern Division includes Riverside county).

Because Defendant bears the burden of demonstrating that the balance of equities weighs in favor of transferring this case, the Court outlines Defendant's arguments. First, regarding the convenience of witnesses, Defendant argues that "the witnesses to the incident include Defendant Stater employees who work and reside in Riverside and San Bernardino counties" and litigation would be "substantially less burdensome" for those witnesses in the Central District, Eastern Division. *See* Doc. No. 5. Defendant states that "[w]itnesses would include the store manager, assistant manager, and courtesy clerks, all of whom are located in Riverside County." *See* Doc. No. 5.

Second, regarding convenience of the parties, Defendant argues it would be "far less burdensome for Defendant to litigate this action in the Central District-Eastern Division" because Defendant's corporate headquarters and its principal place of business are in San Bernardino, California, which is in the Eastern Division. *See* Doc. No. 5; *see also* 28 U.S.C. § 84(c)(1) (stating that the Central District of California, Eastern Division includes San Bernardino county). Defendant also contends that "all of the documentary evidence in this case regarding the incident, investigation and policies and procedures are located in San Bernardino and Riverside counties." *See* Doc. No. 5.

Third, Defendant argues the interests of justice would be served by transferring the case because "sources of proof" such as witnesses and evidence "are almost exclusively in Lake Elsinore, in Riverside, [sic] County and San Bernardino." *See* Doc. No. 5.

In sum, Defendant concludes that "the foregoing factors are either neutral as to both the Southern and Central Districts or weigh in favor of transfer to the latter district," and "[t]ransfer is therefore proper." *See* Doc. No. 5.

Based on the foregoing, Defendant has not satisfied its burden to show transfer is proper. For example, Defendant has not sufficiently shown that the convenience of witnesses, which is often considered the most important factor, weighs in favor of transfer. *See Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007). Defendant merely argues that its unnamed witnesses, all of whom are Defendant's employees, would be burdened by litigation in this district. But, courts

"accord[] less weight to the inconvenience of *party* witnesses" because "they can be compelled to testify regardless of the forum in which the lawsuit is ultimately litigated." *Allstar*, 666 F. Supp. at 1132; *Costco*, 472 F. Supp. 2d at 1193 ("A party can compel the testimony of its employees at trial."). Further, if a motion to transfer is "for the convenience of witnesses, [a] defendant must name the witnesses it wishes to call, the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them." *See Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005); *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1151 (E.D. Cal. 2010) ("A party moving for transfer for the convenience of the witnesses must demonstrate, through affidavits or declarations containing admissible evidence, who the key witnesses will be and what their testimony will generally include."). Defendant has not provided any witness affidavits or declarations, nor has Defendant named any witnesses, described their anticipated testimony, or provided any specific reasons why the present forum would be a hardship for them. Defendant instead "support[s] its motion with mere conclusory allegations." *See id.*

Regarding the convenience of the parties, Defendant essentially argues that it would prefer to litigate this case in the Central District, which is insufficient. "[It is not enough that the defendant would prefer another forum, nor is it enough merely to show that the claim arose elsewhere." *See Allstar*, 666 F. Supp. at 1131 (quoting 15 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3847 (2007)). "And, not surprisingly, transfer will not be ordered if the result is merely to shift the inconvenience of where the action is located from one party to another." *Id.* Further, Defendant argues relevant "documentary evidence" is "located in San Bernardino and Riverside counties." *See* Doc. No. 5. However, "if [a motion to transfer] is based on the location of records and documents, the movant must show particularly the location, difficulty of transportation, and the importance of such records." *Bohara*, 390 F. Supp. 2d at 963. Again, Defendant fails to do so, "instead supporting its motion with mere conclusory allegations." *See id.*

Regarding the interests of justice, Defendant reiterates that witnesses and physical evidence regarding the incident are located within the Eastern Division. However, for the reasons just stated, the Court discounts that argument based on Defendant's unsupported and conclusory assertions. Further, "[t]he interests of justice include such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *See Allstar*, 666 F. Supp. 2d at 1134 (quoting *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989)) (internal quotations and alterations omitted). To the Court's knowledge, there is no other pending related litigation, and the same law would apply in either forum. It is unclear how transferring this case based on the location of Defendant's witnesses and evidence would serve the interests of justice, particularly where Defendant does not argue that witnesses would be unable to travel to this forum or that Defendant would be unable to transport documents here.

For the foregoing reasons, Defendant has not satisfied its burden in demonstrating that the Court should transfer this case.

Further, Plaintiff points out that her choice of forum carries weight. Plaintiff is correct. While "a plaintiff's selection of a forum is generally due heavy weight," where "the operative facts have not occurred within the forum" and the plaintiff is foreign, less deference is given to the plaintiff's choice. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Daisley v. Blizzard Music Ltd. (US)*, No. 3:16-CV-00519-HDM-WGC, 2017 WL 706605, at *2 (D. Nev. Feb. 22, 2017). Here, the operative facts occurred in the Central District, Eastern Division, and Plaintiff is a resident of Idaho. However, "less deference is not the same thing as no deference." *See Daisley*, 2017 WL 706605, at *2 (quoting *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1145 (9th Cir. 2001)). Accordingly, Plaintiff's choice of forum tips the balance in favor of denying Defendant's motion to transfer.

Moreover, Plaintiff files a declaration under penalty of perjury in which she states that the forum is more convenient for her because she has family in San Diego and flies

into and out of the San Diego airport. As a party and a witness, Plaintiff's convenience deserves some deference in this analysis, and further tips the scale in favor of denying Defendant's motion.

## CONCLUSION

Based on the above reasons, the Court **DENIES** Defendant's motion to transfer venue. Doc. No. 5.

**IT IS SO ORDERED.**

Dated: May 24, 2017

*/s/ Michael M. Anello*
Hon. Michael M. Anello
United States District Judge